# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LEE PRESTON FLYNN,

      Plaintiff,

v.                                                    No. 1:21-cv-00193-JHR

LORENZO FLORES, YVETTE HERN,
GABRIEL ROMERO, and MARTIN ROMERO,

      Defendants.

### MEMORANDUM OPINION AND ORDER
### GRANTING MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND
### GRANTING LEAVE TO FILE AN AMENDED COMPLAINT

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint for a Civil Case, Doc. 1, filed March 3, 2021 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 3, 2021.

**Application to Proceed** *in forma pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed a declaration stating he is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff, who is unemployed, has a monthly income of $814.00 in Social Security Income.; (ii) Plaintiff's monthly expenses total approximately $676.75; and (iii) Plaintiff has $19.45 in cash or in a bank account. The Court finds that Plaintiff is unable to pay the costs of this proceeding because he signed a declaration stating he is unable to pay the costs of this proceeding and because of his low monthly income.

**The Complaint**

After Plaintiff installed a security camera, Defendant Gabriel Romero indicated that the security camera violated his right to privacy because the camera could see into his windows and threatened Plaintiff with legal action if Plaintiff did not take down the security camera. Complaint at 7. Plaintiff refused to take the camera down. *Id.* Defendant Gabriel Romero and the other Defendants allegedly defamed Plaintiff on the internet. *Id.* Plaintiff asserts the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 4101 and 18 U.S.C. § 2261A. Complaint at 3.

The Complaint fails to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 4101. Section 4101 provides definitions of the terms used in the statute setting forth factors courts must consider before recognizing defamation judgments rendered by a tribunal of a foreign country; it does not create a private cause of action for a domestic defamation claim.

The Complaint also fails to state a claim upon which relief can be granted pursuant to 18 U.S.C. § 2261A, Stalking, because Section 2261A is a criminal statute. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

**Jurisdiction**

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir. 2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction"); *Evitt v. Durland*, 243 F.3d 388 *2 (10th Cir. 2000) ("even if the parties do not raise the question themselves, it is our duty to address the apparent lack of jurisdiction sua sponte") (quoting *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 843 (10th Cir.1988).

There is no properly alleged federal-question jurisdiction because the Complaint does not state a claim pursuant to the only two federal laws cited in the Complaint. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution,, laws, or treaties of the United States").

There is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and all Defendants reside in New Mexico. Complaint at 1-2. To invoke diversity jurisdiction, "a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000." Symes v. Harris, 472 F.3d 754, 758 (10th Cir.2006). "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Dutcher v. Matheson*, 733 F.3d 980, 987 (10th Cir. 2013).

3

This case should be dismissed because the Court does not have jurisdiction over this matter as alleged in the Complaint.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action").

**Proceeding *in forma pauperis***

Plaintiff is proceeding *in forma pauperis*.  The statute governing proceedings *in forma pauperis* states "the court shall dismiss the case at any time if the court determines that … the action … fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2); *see also Webb v. Caldwell*, 640 Fed.Appx. 800, 802 (10th Cir. 2016) ("We have held that a pro se complaint filed under a grant of *ifp* can be dismissed under § 1915(e)(2)(B)(ii) for failure to state a claim … only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend").  While the Complaint should be dismissed for lack of jurisdiction, it is not obvious that it would be futile to give Plaintiff an opportunity to amend.  The Court grants Plaintiff leave to file an amended complaint.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").  28 U.S.C. § 1915(d).  The Court will not order service of Summons and Complaint on Defendants at this time because the Complaint fails to state a claim over which the Court has jurisdiction.  The Court will order service if Plaintiff files: (i) an amended complaint that states a claim over which the Court has jurisdiction; and (ii) a motion for service which provides Defendants' addresses.

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed March 3, 2021, is **GRANTED.**

(ii)   Plaintiff shall, within 21 days of entry of this Order, file an amended complaint. Failure to timely file an amended complaint may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**