# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LEE PRESTON FLYNN,

      Plaintiff,

v.                                             No. 1:21-cv-00193-WJ-JHR

LORENZO FLORES, YVETTE HERN,
GABRIEL ROMERO, and MARTIN ROMERO,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER OF DISMISSAL</u>

**THIS MATTER** comes before the Court on *pro se* Plaintiff's failure to timely file an amended complaint.

After Plaintiff installed a security camera, Defendant Gabriel Romero indicated that the security camera violated his right to privacy because the camera could see into his windows and threatened Plaintiff with legal action if Plaintiff did not take down the security camera. Complaint at 7, Doc. 1, filed March 3, 2021. Plaintiff refused to take the camera down. *Id.* Plaintiff alleges Defendant Gabriel Romero and the other Defendants then defamed Plaintiff on the internet. *Id.* Plaintiff asserts the Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 4101 and 18 U.S.C. § 2261A. Complaint at 3.

United States Magistrate Judge Jerry H. Ritter notified Plaintiff that there is no properly alleged federal-question jurisdiction because the Complaint does not state a claim pursuant to the only two federal laws cited in the Complaint and that there is no properly alleged diversity jurisdiction because the Complaint states that Plaintiff and all Defendants reside in New Mexico. *See* Doc. 4, filed March 4, 2021 (noting that 28 U.S.C. § 4101 defines terms in statute regarding recognition of foreign defamation judgments and does not create a private cause of action for

domestic defamation claims, and that 18 U.S.C. § 2261A, Stalking, is a criminal statute).  Judge Ritter notified Plaintiff this case should be dismissed for lack of subject-matter jurisdiction and ordered Plaintiff to file an amended complaint stating that failure to timely file an amended complaint may result in dismissal of this case.  Plaintiff did not file an amended complaint by the March 25, 2021, deadline.

The Court dismisses the Complaint without prejudice for lack of jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action"); *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is *incapable* of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____

**WILLIAM P. JOHNSON**
**CHIEF UNITED STATES DISTRICT JUDGE**